**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JOSE GALLEGOS, individually and on behalf of other persons similarly situated, | ) Case No. 22-cv-01173 |
| Plaintiff, | ) REMOVED FROM THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT, WILL COUNTY, ILLINOIS |
| v. | ) |
| INTERMOUNTAIN EMPLOYMENT SERVICE, INC., | ) CASE NO. 2022LA000047 |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant Intermountain Employment Service, Inc. ("Defendant" or "Intermountain") hereby removes this putative class action from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, and on the face of Plaintiff's pleading the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(a), the following sets forth a short and plain statement of the grounds for removal:

**Overview of Claims Alleged and Relief Sought**

1. On February 11, 2022, Plaintiff Jose Gallegos ("Plaintiff" or "Gallegos") served this civil action filed in the Circuit Court of Will County, Illinois, styled *Jose Gallegos, individually and on behalf of other persons similarly situated v. Intermountain Employment Service, Inc.*, Case No. 2022LA000047. The Complaint alleges that Defendant violated at least

the following four provisions of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA"):

- "[F]ailing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA." Complaint at ¶ 31; *see* BIPA § 14/15(a).
- "[C]ollecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that … [t]he biometric data was being recorded, obtained, collected, or stored[.]" Complaint at ¶ 32(a); *see* BIPA § 14/15(b)(1).
- "[C]ollecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that … [t]he specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored." Complaint at ¶ 32(b); *see* BIPA § 14/15(b)(2).
- "[F]ailing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." Complaint at ¶ 33; *see* BIPA § 14/15(e).

2. Plaintiff defines the putative class as "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." Complaint at ¶ 26. According to Plaintiff, "the number of persons within the class is substantial, believed to amount to hundreds of persons." Complaint at ¶ 27. Plaintiff contends that Intermountain's alleged violations of BIPA were "at best negligent and at worst reckless," and seeks, among other relief, "statutory damages of $5,000 for each willful or reckless violation of [BIPA][.]" Complaint at ¶¶ 34-35; *see* BIPA § 14/20(2) (under BIPA, a plaintiff can recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation).

**Removal is Proper under CAFA**

3. Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction under CAFA. *See* 28 U.S.C. § 1441(a), (b). CAFA grants original jurisdiction over "any civil action" that constitutes a (1) "class action," in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant" and (3) the "matter in controversy

exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (the "language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions") (internal quotation omitted).

4. First, this lawsuit is a "class action" under CAFA because a "class action" for purposes of CAFA is "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint purports to allege claims "individually and on behalf of other persons similarly situated … to obtain statutory damages and other equitable relief under [BIPA]." Complaint at ¶ 1. Therefore, this action is a "class action" under CAFA.

5. Second, minimal diversity exists. Plaintiff has represented to Intermountain that he is a citizen of Illinois. *See* Declaration of Julio Castro, ¶ 3 (attached as Exhibit A). Intermountain is incorporated in Utah with its principal place of business in Utah. *See id.* at ¶ 4.

6. Third, the amount-in-controversy requirement is satisfied. CAFA requires "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); 28 U.S.C. § 1332(d)(2). The $5 million may be aggregated across all the purported class members' claims. *See* 28 U.S.C. § 1332(d)(6). The Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what

damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden is simply "a pleading requirement, not a demand for proof." *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

7. Intermountain unequivocally denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are based, and the alleged claims for statutory and other relief that allegedly flow therefrom. However, for the purposes of establishing grounds for this Court's jurisdiction—and without conceding that Plaintiff or the putative class members are entitled to damages, penalties, or any relief whatsoever—it is apparent that the aggregated amounts in controversy for the putative class members exceed CAFA's jurisdictional minimum.

8. Intermountain records indicate that the class Plaintiff seeks to establish includes at least 300 individuals.[1] *See* Ex. A at ¶ 5.

9. Even under a temperate damages theory, the CAFA threshold is reached here. The Complaint asserts at least four types of alleged BIPA violations and seeks statutory damages for "each" violation. Complaint at ¶ 35. It is plausible that Plaintiff is seeking statutory damages of up to $5,000 for separate violations for each class member. In other words, Plaintiff may contend that each class member is entitled to recover $20,000 individually, which would yield damages (in the aggregate) more than the CAFA threshold because the proposed class consists of at least 300 persons (300 x $5,000 x 4 = $6,000,000). *See* Ex. A at ¶ 5. Thus, as alleged, the CAFA amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

---

[1] Intermountain does not concede that it was the entity that allegedly collected and/or stored the putative class members' biometric data.

10. Furthermore, given that the Complaint is seeking up to $5,000 in statutory damages for "each" BIPA violation, it is also plausible that Plaintiff seeks to recover $5,000 in statutory damages for each time he and members of the putative class clocked in and out from work and breaks over a period of several years.[2] *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (a "removing party [ ] only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence" (internal quotation omitted)). Plaintiff alleges that Intermountain "requires its employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine." Complaint at ¶ 3. For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* (emphasis in original; internal citation and quotation omitted). Intermountain denies that Plaintiff has alleged an actionable violation of BIPA each time he clocked in and clocked out because, among other things, such a result would conflict with a plain language of the statute and would raise serious constitutional and policy concerns. However, for removal purposes, Plaintiff's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in controversy. *See, e.g.. CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

11. Applying a "per fingerprint scan" theory of damages to the (at least) 300 persons who fall within the class definition would far exceed the jurisdictional threshold. *See, e.g.*, *Gates v. Eagle Foods Group*, No. 20 C 6525, 2021 U.S. Dist. LEXIS 69334, at *8-9 (N.D. Ill. Apr. 9, 2021) (a "per fingerprint scan" theory of damages satisfied the CAFA amount-in-controversy

---

[2] The question of whether each scan is a violation of BIPA is presently certified for opinion to the Illinois Supreme Court. *See Cothron v. White Castle Sys.*, No. 20-3202, 2021 U.S.App. LEXIS 37593 (7th Cir. Dec. 20, 2021).

requirement); *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *4 (N.D. Ill. Apr. 10, 2020) (similar); *Fox v. Dakkota Integrated Sys., LLC*, No. 19 C 2872, 2020 U.S. Dist. LEXIS 249597, at *5-9 (N.D. Ill. Jan. 24, 2020) (similar); *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769–70 (N.D. Ill. 2019) (similar).

**Intermountain Has Satisfied the Procedural Requirements for Removal**

12. A notice of removal must be filed within 30 days of service. *See* 28 U.S.C. § 1446(b). "The 30-day removal clock [under CAFA] does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount of controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

13. Intermountain's Notice of Removal is timely. Intermountain received informal notice – via email – of Plaintiff's filed complaint on February 2, 2022 and was formally served on February 11, 2022. Counting forward 30 days, even calculating from a date prior to formal service, comes to March 4, 2022.

14. Defendant is removing this matter, and there are no other defendants whose consent is needed.

**Other Considerations**

15. Given that this action is brought in the Circuit Court for the Twelfth Judicial Circuit, Will County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1) because this District and Division covers Will County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

16. Compliant with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders purportedly served upon Intermountain have been attached as Exhibit B.

17. Compliant with 28 U.S.C. § 1446(d), Intermountain will promptly provide written notice to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Will County, Illinois.

18. Finally, by removing to this Court, Intermountain does not waive any defenses, objections, or motions available to it under state or federal law, including without limitation jurisdiction, venue, standing, or failure to state a claim upon which relief can be granted. Intermountain reserves the right to amend this Notice of Removal as appropriate.

**Conclusion**

For the foregoing reasons, Intermountain files this Notice of Removal, removing this case from the Circuit Court of Will County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED this 4th day of March, 2022.

Respectfully Submitted,

*/s/ Stephen J. Rosenfeld*
Stephen J. Rosenfeld (Illinois Bar No. 6216769)
McDonald Hopkins LLC
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232
srosenfeld@mcdonaldhopkins.com

                    Gregory M. Saylin (Utah Bar No. 9648 (Pro Hac Vice Pending)
David K. Crockett (Utah Bar No. 17968) (Pro Hac Vice Pending)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
gmsaylin@hollandhart.com
dkcrockett@hollandhart.com

18327994_v1