Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2022LA000047
Filed Date: 1/14/2022 12:04 PM
Envelope: 16304405
Clerk: SE

IN THE CIRCUIT COURT OF TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| JOSE GALLEGOS, individually and on behalf of other persons similarly situated, | Case No.: **2022LA000047** |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT |
| INTERMOUNTAIN EMPLOYMENT SERVICE, INC., | |
| Defendant. | |

Plaintiff Jose Gallegos files the following Class Action Complaint against Defendant Intermountain Employment Service, Inc.:

## NATURE OF THE ACTION

1.    This is an action by Jose Gallegos ("Plaintiff"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.    Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant, Intermountain Employment Service, Inc. ("Defendant").

3.    As past and present employees of Defendant, Plaintiff and class members were required to provide it with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendant collects and stores its employees' fingerprints and requires its employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4.    Following the capture of their employees' biometric data, Defendant uses this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-

Initial case management set for 05/04/2022 at 9:00 a.m.

1

clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5.      Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendant will keep the fingerprints, and what might happen to this valuable information.

6.      The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7.      Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8.      If Defendant insists on collecting and storing their employees' fingerprints, Defendant must comply with the BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9.      Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

11.     Venue is proper in this Court because Defendant is doing business and has a base of operations based in Will County.

## PARTIES

12.     Plaintiff is an individual subject to the same fingerprint-storing practices as other of Defendant's employees, outlined in further detail below.

13.     Defendant is a for-profit corporation that is doing business in the state of Illinois.

## FACTUAL ALLEGATIONS

14.     Defendant required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites.

15.     As part of this process, Defendant recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

16.      As part of this process, Defendant associated employees' biometric data with their personal identifying information, such as name and address.

17.     Thus, Defendant caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

18.     Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

19.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

21.     Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

22.     Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

23.     Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

24.     Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

25.     Upon information and belief, Defendant is storing its data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Defendant stores its employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendant's personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

4

## CLASS ACTION ALLEGATIONS

26.    Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

27.    Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members, these common questions of law and fact include, without limitation:

    i.  whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

    ii. whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

        iii.  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

        iv.  whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

        v.  whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

        vi.  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the nature of the employer-employment relationship, and the fact that Defendant's employees will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented

by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

7

28.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

29.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

31.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

32.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

        (a) The biometric data was being recorded, obtained, collected, or stored; and

        (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

33.     Defendant violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

8

34.     Defendant's conduct is at best negligent and at worst reckless.

35.     Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in Plaintiff's favor against Defendant and issue an order:

a. Certifying this case as a class action, naming Plaintiff as class representatives and Plaintiff's counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d. Awarding reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

36.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

37.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

38.     Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

39.     Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has

been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to its policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

40.     Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained their or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

41.     Plaintiff seeks an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

42.     Plaintiff seeks an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

43.     Plaintiff seeks an order enjoining Defendant from future violations of the Act.

44.     Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in in Plaintiff's favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiff as class representatives and their counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

d.  Awarding reasonable attorneys' fees and costs of this action;

e.  Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully Submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*